UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED 98 SEP -8 PM 12: 27 U.S. DISTRICT COURT N.D. OF ALABAMA

ALEXIS D. HERMAN, Secretary of ]
Labor, U.S. Department of Labor, ]
                              ]
    Plaintiff(s),              ]
                              ]   CV 97-N-0628-S
vs.                            ]
                              ]
WILLIAM D. HODGE, d/b/a      ]
IRONDALE WELDING AND         ]
IRONWORKS,                    ]
                              ]
    Defendant(s).            ]

ENTERED
SEP 8 1998

### Memorandum of Opinion

### I.   Introduction.

In this suit, Alexis M. Herman, Secretary of Labor, U.S. Department of Labor (the "Secretary"), seeks to collect unpaid penalties, interest, delinquency fees and administrative costs owed by William D. Hodge, doing business as Irondale Welding and Ironworks. The Secretary filed the complaint on March 13, 1997.[1] The case is properly before this court, which has jurisdiction under 29 U.S.C. § 666(l).

This matter is presently before the court on the Secretary's motion for summary judgment, filed July 21, 1998. The issues have been briefed by the Secretary. By order dated February 6, 1998, this court fixed a briefing schedule for summary judgment motions. The deadline for Mr. Hodge to respond to the Secretary's motion has now passed.



---

[1] The case was actually filed in the name of Cynthia A. Metzler, who was then Acting Secretary of Labor.

Accordingly, the motion is ripe for decision. Upon due consideration, the motion will be granted.

## II. Statement of Facts.[2]

In late July of 1992, the Birmingham Area Office of the Occupational Safety and Health Administration (OSHA) received an anonymous complaint regarding workplace hazards at the Irondale Welding and Ironworks. At that time, as at all other times relevant to this action, Mr. Hodge was the owner of this business. In following up on this complaint, OSHA conducted an inspection of the workplace on October 13, 1992. As a result of this inspection, OSHA issued a Citation and Notification of Penalties to Irondale Welding and Ironworks on November 17, 1992, listing violations of the Occupational Health and Safety Act. A copy was sent to Mr. Hodge by certified mail, and another copy was hand-delivered to his agent on November 20, 1992.

The Citation and Notification of Penalties indicated that unless a written notice of contest was delivered to OSHA within fifteen days from the date of delivery of the notification, the penalty would become a final and unreviewable order of the Occupational Health and Safety Review Commission. The notification also indicated that payment was due by the same fifteen-day deadline.

---

[2] The facts set out below are gleaned from the Secretary's submission of undisputed facts in support of the summary judgment motion. Because Mr. Hodge failed to respond to these facts, they are deemed admitted for summary judgment purposes. *See Initial Order*, February 6, 1998, at 4; *see also FTC v. Febre*, 128 F.3d 530, 535-36 (7th Cir. 1997). The court notes that these facts are amply supported by the record, and particularly by the evidence submitted by the Secretary in conjunction with the summary judgment motion. However, these are the "facts" for summary judgment purposes only. They may not be the actual facts. *Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

2

On December 1, 1992, OSHA received a letter from Mr. Hodge detailing remedial actions taken in response to the cited violations. This letter did not contain any notice that Mr. Hodge was contesting the citation and penalties.[3] OSHA has no record of ever receiving a written notice of contest from the defendant.

A written letter demanding payment was sent to Mr. Hodge on January 14, 1998. The letter indicated that the penalties were overdue, and indicated that interest, delinquency charges, and administrative costs would accrue if the penalties were not paid. Despite several further demands from OSHA, Mr. Hodge has never paid the outstanding penalties.

The original Citation and Notification of Penalties detailed $4,200 in penalties. Mr. Hodge received the notification by November 20, 1992 at the latest, making payment due fifteen working days later on December 14, 1992.[4] According to OSHA's January 14, 1998 demand letter, interest was fixed at 6% per year ($21.00/month on the $4,200 principal) and was to accrue from the date the payment became due. The letter also indicated that an additional delinquency charge of 6% per year ($21.00/month) was to be assessed starting from the date the debt became delinquent, which the letter indicated was January 14, 1998. According to these terms, Mr. Hodge owed OSHA, as of September 1, 1998, $1,428 in interest and $1,407 in delinquency charges.[5] OSHA has also imposed, and notified Mr.

---

[3] The court notes that the Citation and Notification of Penalties also required abatement within fifteen days, and that the instructions sent with the notification indicated that a letter detailing the abatement actions taken should be sent to OSHA if the violations cited were *not* contested. Mr. Hodge's letter appears to be an attempt to comply with this requirement.

[4] The court takes judicial notice that December 14, 1992 is fifteen working days, excluding weekends and holidays, after November 20, 1998.

[5] The Secretary's undisputed facts indicate both the rates involved and the total amounts owed as of July 1, 1998. This court has recalculated the amounts due as of September 1, 1998.

3

Hodge of, $20.00 in administrative costs. Mr. Hodge thus owes a total of $7,055. He also owes interest and delinquency charges accruing from September 1, 1998 until the debt is paid.

## III. Summary Judgment Standard.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is

4

a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Id.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the nonmovant has properly responded to a motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11(1983) (indicating the standard for summary judgment is "[s]ubstantively . . . very close" to that for motions for directed verdict). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are functions of the jury, and, therefore, "[t]he evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

**IV. Discussion.**

This court's responsibility in a proceeding under 29 U.S.C. § 661(l) is only to ensure that a citation was properly issued to the defendant and that the defendant was notified of the penalty owed. "[N]either the fact of the violation nor the propriety of the penalty assessed may be retried." *Atlas Roofing Co., Inc. v. Occupational Health and Safety Review Commission*, 430 U.S. 442, 445, 97 S. Ct. 1261, 1265 (1977). "The district court action provided for in 29 U.S.C. § 666(l) is a collection procedure only, while the determination of violation and penalty is left to the administrative process." *United States v. Howard Electric Co.*, 798 F.2d 392, 295 (10th Cir. 1986). Mr. Hodge gave up his right to challenge the propriety of the penalty by failing to utilize OSHA's administrative appeals

6

process. Therefore if the penalty that resulted is due and payable, this court must order it paid.

OSHA clearly has the power to assess the penalties involved here. *See* 29 U.S.C. § 661. If notice is properly given, OSHA is also required to assess interest on the outstanding debt, *see* 31 U.S.C. § 3717(a)(1); 20 C.F.R. 20.54-.58, a 6% delinquent charge, *see* 31 U.S.C. § 3717(e)(2); 20 C.F.R. 20.55, and administrative costs. *See* 31 U.S.C. § 3717(e)(1); 20 C.F.R. 20.59. Thus the only real questions involved in this case are whether OSHA did in fact assess these penalties and fees against the defendant, and whether the defendant was given notice of that assessment. The facts outlined above, which are undisputed for summary judgment purposes, indicate that penalties were assessed against Mr. Hodge's business, that he was given ample notice of those penalties and of the accrual of additional fees if he did not pay, and that he has not paid.

Given these facts, the Secretary has quite clearly carried the burden of presenting evidence showing there is no dispute of material fact. *Celotex*, 477 U.S. at 322-23. Mr. Hodge has not even responded to the Secretary's presentation, much less succeeded in "designat[ing] 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Therefore this court concludes that there is no genuine issue of material fact and the Secretary is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The secretary's summary judgment motion is due to be granted.

**V.   Conclusion.**

Accordingly, the Secretary's motions will be granted. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 5th of September, 1998.

	EDWIN L. NELSON
	UNITED STATES DISTRICT JUDGE